UNITED STATES of America, Plaintiff–Appellee,

v.

Kenneth Romaine CHRISTENOT, Defendant–Appellant.

No. 07–30216.

United States Court of Appeals, Ninth Circuit.

Submitted May 20, 2008.*

Filed May 28, 2008.

Eric B. Wolff, Esq., Office of the U.S. Attorney, Billings, MT, for Plaintiff–Appellee.

Jeffrey G. Michael, Esq., Billings, MT, for Defendant–Appellant.

Before: PREGERSON, TASHIMA, and GOULD, Circuit Judges.

MEMORANDUM **

Kenneth Romaine Christenot appeals from the 18–month sentence imposed following his jury-trial conviction for making false statements in violation of 18 U.S.C. § 1001(a)(1), and theft of government property, in violation of 18 U.S.C. § 641. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Christenot contends that the district court erred in applying a two-level en-

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

hancement for obstruction of justice under U.S.S.G. § 3C1.1. He contends that the district court based the enhancement on unreliable hearsay in an affidavit from Lisa Emmett, the daughter of his co-defendant, that alleged that he had attempted to influence her testimony at trial. He contends that Emmett's subsequent recantation of the affidavit renders it unreliable.

The district court did not abuse its discretion in determining that there were minimal indicia supporting the affidavit's reliability. *See United States v. Littlesun,* 444 F.3d 1196 (9th Cir.2006). Among other things, the district court properly deferred to the credibility determination of the judge who had observed Emmett's in-court testimony. In addition, the fact that the recantation itself appeared to have been coached supports the court's finding that Christenot sought to influence Emmett's testimony. *See United States v. Fernandez–Vidana,* 857 F.2d 673, 675 (9th Cir.1988) ("Only when the hearsay is so inadequately supported that the 'factual basis for believing [it is] almost nil' can it be argued that the evidence should not have been considered" in sentencing); *see also United States v. Berry,* 258 F.3d 971, 975 (9th Cir.2001) (holding that an appellate court may review the entire record to determine whether hearsay statements are sufficiently reliable).

**AFFIRMED.**